The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LINDA GILMER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CENTENE CORPORATION, CENTENE MANAGEMENT COMPANY, LLC, COORDINATED CARE CORPORATION,<br><br>　　　　Defendants. | CASE NO. 3:16-cv-05685-BHS<br><br>**ANSWER OF DEFENDANT COORDINATED CARE CORPORATION TO PLAINTIFF'S COMPLAINT** |

COMES NOW Defendant Coordinated Care Corporation ("Defendant Coordinated Care"), by and through counsel, and in response to Plaintiff Linda Gilmer's ("Plaintiff") Complaint, states as follows:

**PARTIES**

1.　Defendant Coordinated Care admits that Plaintiff was employed by Defendant Centene Management Company. Defendant Coordinated Care is without sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 1 of the Complaint and, therefore, denies the same.

**ANSWER OF DEF COORDINATED CARE CORPORATION** - 1
**Case No. 3:16-cv-05685 BHS**

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101.3122
206.623.3300

2. In response to paragraph 2 of the Complaint, Defendant Coordinated Care states that the Sarbanes-Oxley Act of 2002, 18 U.S.C. 1541A is the best evidence of its contents. Defendant Coordinated Care admits the remaining allegations contained in paragraph 2 of the Complaint.

3. Defendant Coordinated Care admits the allegations contained in paragraph 3 of the Complaint.

4. Defendant Coordinated Care admits that it is a wholly-owned subsidiary of Centene Corporation organized under the laws of the State of Washington and that Coordinated Care's financial information is included in the consolidated financial statements of Centene Corporation. Defendant Coordinated Care denies the remaining allegations of paragraph 4 of the Complaint not expressly admitted.

**JURISDICTION AND VENUE**

5. Defendant Coordinated Care admits the allegations contained in paragraph 5 of the Complaint.

6. Defendant Coordinated Care admits that Plaintiff filed a Complaint with the Secretary of Labor. Defendant Coordinated Care is without sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 6 of the Complaint and, therefore, denies the same.

7. Defendant Coordinated Care denies the allegations contained in paragraph 7 of the Complaint.

ANSWER OF DEF COORDINATED CARE CORPORATION - 2
Case No. 3:16-cv-05685 BHS

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101.3122
206.623.3300

**FACTS**

8. Defendant Coordinated Care admits that it is a subsidiary of Defendant Centene Corporation that operates in the State of Washington. Defendant Coordinated Care denies the remaining allegations of paragraph 8 of the Complaint not expressly admitted.

9. Defendant Coordinated Care admits the allegations contained in paragraph 9 of the Complaint.

10. Defendant Coordinated Care admits that Plaintiff was tasked with assisting in claims processing issues for various Coordinated Care network providers. Defendant Coordinated Care denies the remaining allegations of paragraph 10 of the Complaint not expressly admitted.

11. Defendant Coordinated Care admits that Plaintiff was tasked with addressing issues related to the Doctors Clinic. Defendant Coordinated Care denies the remaining allegations of paragraph 11 of the Complaint not expressly admitted.

12. Defendant Coordinated Care denies the allegations contained in paragraph 12 of the Complaint.

13. Defendant Coordinated Care denies the allegations contained in paragraph 13 of the Complaint.

14. Defendant Coordinated Care admits that Plaintiff's employment was terminated on June 12, 2015 in a meeting with Sally Mildren and Michelle Eagan and that Plaintiff was offered a severance. Defendant Coordinated Care denies the remaining allegations of paragraph 14 of the Complaint not expressly admitted.

ANSWER OF DEF COORDINATED CARE CORPORATION - 3
Case No. 3:16-cv-05685 BHS

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

## COUNT ONE

15. Defendant Coordinated Care incorporates by reference its responses in the preceding paragraphs as if fully set forth herein.

16. Defendant Coordinated Care admits the allegations contained in paragraph 16 of the Complaint.

17. Defendant Coordinated Care denies the allegations contained in paragraph 17 of the Complaint.

18. In response to paragraph 18 of the Complaint, Defendant Coordinated Care states that the Sarbanes-Oxley Act of 2002, 18 U.S.C. 1541A is the best evidence of its contents. Defendant Coordinated Care admits the remaining allegations contained in paragraph 18 of the Complaint.

19. Defendant Coordinated Care denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant Coordinated Care denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant Coordinated Care admits that Plaintiff's employment was terminated on June 12, 2015. Defendant Coordinated Care denies the remaining allegations of paragraph 21 of the Complaint not expressly admitted.

22. Defendant Coordinated Care denies the allegations contained in paragraph 22 of the Complaint.

23. Defendant Coordinated Care denies the allegations contained in paragraph 23 of the Complaint.

**ANSWER OF DEF COORDINATED CARE CORPORATION** - 4
**Case No. 3:16-cv-05685 BHS**

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101.3122
206.623.3300

24. Defendant Coordinated Care denies the allegations contained in paragraph 24 of the Complaint.

25. Defendant Coordinated Care denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant Coordinated Care denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant Coordinated Care denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant Coordinated Care denies the allegations contained in paragraph 28 of the Complaint.

## ANSWER TO PLAINTIFF'S PRAYER

Defendant denies that Plaintiff is entitled to any of the relief or damages requested in her Complaint or to any relief at all.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant Coordinated Care asserts the following separately numbered defenses and affirmative defenses without assuming any burden of proof that it does not have as a matter of law. To the extent that any defenses or legal theories asserted herein may be interpreted as being inconsistent, such defenses or legal theories are hereby pled in the alternative. Subject to and without waiving the foregoing, and without waiving Plaintiff's burden to show otherwise, Defendant pleads as follows:

1. All allegations of fact and conclusions of law not specifically admitted herein are denied.

**ANSWER OF DEF COORDINATED CARE CORPORATION** - 5
**Case No. 3:16-cv-05685 BHS**

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

2. Plaintiff's Complaint fails in whole or in part to state a claim upon which relief may be granted.

3. Plaintiff's prayer for relief fails to the extent that Plaintiff has not mitigated her damages as required by law, and to the extent Plaintiff has mitigated her damages, Defendant Coordinated Care is entitled to offset those amounts.

4. Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel, laches, and/or unclean hands.

5. Plaintiff's claims are barred in whole or in part by her failure to exhaust her administrative remedies and/or prerequisites.

6. Plaintiff's claims for compensatory and punitive damages and other relief are subject to all applicable statutory caps and limitations.

7. All alleged actions, events, injuries and/or damages complained of by Plaintiff, the existence of which are denied by Defendant Coordinated Care were, if they occurred, wholly or in part the result of Plaintiff's own conduct or fault.

8. Plaintiff's claims for punitive damages are barred by and violate the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution because the procedures for assessing punitive damages, facially and as applied to the facts of this case violate constitutional due process requirements.

9. To the extent that Plaintiff is seeking punitive damages, those claims are barred because Defendant Coordinated Care did not engage in retaliatory conduct with malice or reckless indifference toward Plaintiff, and Defendant Coordinated Care exercised reasonable

ANSWER OF DEF COORDINATED CARE CORPORATION - 6
Case No. 3:16-cv-05685 BHS

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

care and made good faith efforts to prevent retaliatory conduct in accordance with all applicable laws.

10. Plaintiff's claims are barred insofar as they exceed the scope of allegations made before any administrative agencies.

11. Plaintiff's claims are barred insofar as she seeks damages not recoverable under the applicable statutes.

12. Plaintiff's claims are frivolous and without foundation in law or fact, and Defendant Coordinated Care is entitled to its costs and attorney's fees in defending this action.

13. Defendant Coordinated Care avers that even if Plaintiff could prove that she was retaliated against, which Defendant Coordinated Care denies, the same decision would have been made due to legitimate, non-discriminatory, and non-retaliatory reasons.

14. Defendant Coordinated Care asserts the after-acquired evidence doctrine.

15. Plaintiff's claims fail because she cannot establish damages and her damage claims are speculative.

16. Plaintiff is not entitled to liquidated damages because any alleged acts or omissions of Defendant Coordinated Care were undertaken or made in good faith, and Defendant Coordinated Care had reasonable grounds for believing that its acts or omissions did not violate the applicable statutes.

17. Plaintiff is not entitled to recover any costs of this proceeding or attorneys' fees from Defendant Coordinated Care.

18. Defendant Coordinated Care asserts the defenses of acquiescence and/or ratification.

ANSWER OF DEF COORDINATED CARE CORPORATION - 7
Case No. 3:16-cv-05685 BHS

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300

19. Plaintiff has suffered no adverse employment action that is in any way related to any alleged retaliation.

20. Pleading hypothetically and in the alternative, Plaintiff's claims are barred because all decisions regarding Plaintiff's employment have been based on legitimate, lawful, non-discriminatory, and non-retaliatory business reasons.

21. Defendant Coordinated Care hereby gives notice that it intends to rely upon such other defenses as may become available or ascertained during the course of discovery and further investigation in this case and hereby reserves the right to amend this answer to assert any such defenses.

### **DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant Coordinated Care prays that Plaintiff take nothing by way of her Complaint, for judgment in its favor, for its costs and reasonable attorneys' fees expended and incurred herein, and for such other and further relief as the Court deems just and proper.

Dated:  December 20, 2016

By:  *s/ Breanne Sheetz Martell*
Douglas E. Smith, WSBA #17319
Breanne Sheetz Martell, WSBA #39632
LITTLER MENDELSON, P.C.
600 University Street, Suite 3200
Seattle, WA 98101
206.623.3300
206.447.6965 (Facsimile)
desmith@littler.com
bsmartell@littler.com

and

**ANSWER OF DEF COORDINATED CARE CORPORATION** - 8
**Case No. 3:16-cv-05685 BHS**

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101.3122
206.623.3300

| | |
|---|---|
| 1 | Jovita Foster, admitted *pro hac vice* |
| 2 | Bradley M. Bakker, admitted *pro hac vice*<br>ARMSTRONG TEASDALE LLP |
| 3 | 7700 Forsyth Boulevard, Suite 1800<br>St. Louis, Missouri 63105 |
| 4 | 314.621.5070 |
| 5 | 314.621.5065 (Facsimile)<br>jfoster@armstrongteasdale.com |
| 6 | bbakker@armstrongteasdale.com |
| 7 | Attorneys For Defendants |

**ANSWER OF DEF COORDINATED CARE CORPORATION - 9**
**Case No. 3:16-cv-05685 BHS**

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA  98101.3122
206.623.3300

# CERTIFICATE OF SERVICE

I am a resident of the State of Washington, over the age of eighteen years, and not a party to the within action. My business address is One Union Square, 600 University Street, Ste. 3200, Seattle, WA 98101. On December 20, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF, which will send notification of such filing to the following:

**Attorney for Plaintiff**

**Lewis M. Galloway**
**PRO HAC VICE PENDING**
**lewis@lglawllc.com**
**LG LAW LLC**
**1600 Genessee St.**
**Suite 918**
**Kansas City, MO 64102**
**Phone:    877.887.7608**
**Fax:        816.326.0820**

Executed on this 20th day of December, 2016.

*s/ Sally Swearinger*
Sally Swearinger
LITTLER MENDELSON P.C.
sswearinger@littler.com

Firmwide:144501228.1 082220.1018

ANSWER OF DEF COORDINATED CARE CORPORATION - 10
Case No. 3:16-cv-05685 BHS

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
206.623.3300