UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LINDA GILMER,

        Plaintiff,

    v.

CENTENE CORPORATION, et al.,

        Defendants.

CASE NO. C16-5685BHS

ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE

This matter comes before the Court on Plaintiff Linda Gilmer's ("Gilmer") motion to dismiss without prejudice (Dkt. 39).

On May 6, 2016, Gilmer filed a complaint in the United States District Court for the Western District of Missouri against Defendants Centene Corporation, Centene Management Company, LLC, and Coordinated Care Corporation ("Defendants") asserting a claim for wrongful discharge in violation of the Sarbanes-Oxley Act of 2002, 18 U.S.C. 1541. Dkt. 1. On August 5, 2016, the Missouri Court transferred the matter to this Court. Dkt. 20.

ORDER - 1

On February 17, 2017, Gilmer filed the instant motion requesting dismissal without prejudice. Dkt. 39. On March 13, 2017, Defendants filed a response objecting to the dismissal. Dkt. 40. On March 15, 2017, Gilmer replied. Dkt. 41.

Once answers have been filed, an action may be dismissed at the plaintiff's request over defendants' objections "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result" *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (footnote omitted) (citing *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987)).

In this case, Defendants have failed to show either plain legal prejudice or sufficient grounds to award fees. First, Defendants argue that they will suffer legal prejudice because they will have lost defenses to the federal claim if Gilmer files a complaint in state court based on alleged violations of state law. It is not legal prejudice to "lose" defenses to claims that won't be reasserted. Defendants' argument is without merit.

Second, Defendants contend that the Court should dismiss Gilmer's federal claim with prejudice and award fees and costs incurred based on Defendants' time and effort incurred in this matter. Dkt. 40 at 4–5. Defendants cite no authority for dismissing the claim with prejudice based on having to expend some effort in defending against the claim. Moreover, Defendants have failed to show any fee or cost that can not be used in future litigation. Therefore, the Court **GRANTS** Gilmer's motion and dismisses her complaint without prejudice.

**IT IS SO ORDERED**.

Dated this 20th day of March, 2017.

                                                  BENJAMIN H. SETTLE
                                                  United States District Judge